William W. Palmer, Esq. (SBN 146404)
PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, California 95825
Telephone: (916) 972-0761
Facsimile:  (916) 972-0877
Email: wpalmer@palmercorp.com

Attorneys for Jan Peters

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN PETERS,<br><br>                Plaintiff,<br><br>        vs.<br><br>BETTY T. YEE, IN HER OFFICIAL CAPACITY AS CHIEF FISCAL OFFICER, STATE CONTROLLER OF THE STATE OF CALIFORNIA, AND AS TRUSTEE OF THE UNCLAIMED PROPERTY FUND,<br><br>                Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jan Peters (hereafter, "Plaintiff" or "Mr. Peters") files this complaint for declaratory and injunctive relief against defendant Betty T. Yee, in her official capacity as Chief Fiscal Officer, Controller for the State of California and as Trustee of the Unclaimed Property Fund (hereafter, "Controller" or "Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1.    This lawsuit is brought pursuant to the following provisions of the United States Constitution: (a) Fourteenth Amendment, Section 1 (Due Process), and (b) the Fifth Amendment, Article I, Section 10 (Takings).  This action is also brought pursuant to 42 U.S.C. § 1983.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.    A substantial part of the events or omissions giving rise to the claims here at issue occurred in this District.  A substantial portion, if not all, of the property seized by the Administrator is situated herein.  Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

3.    Plaintiff Jan Peters (hereafter, "Plaintiff" or "Mr. Peters") is an individual who resides in a suburb of the City of Munich, State of Bavaria, Germany.  He is a citizen of Germany and has never been a citizen of the United States of America or resided in its State of California.  During his employment at Amazon.de,

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff received shares of Amazon stock as a part of his annual salary, which Amazon stored for all employees at that time with Charles Schwab.  Amazon is a Washington corporation domiciled in Seattle, Washington.

4.      Defendant Betty T. Yee, or the Controller, was elected Chief Fiscal Officer, Controller for the State of California in 2014.  She was reelected in 2018 and currently holds that position.   In her elected capacity, she oversees the administration of California's Unclaimed Property Law, California Code of Civil Procedure §§ 1300, *et seq*. (hereafter, "UPL" or "Unclaimed Property Law") and acts as the private Trustee or Custodian of the Unclaimed Property Fund.  Defendant is named in her official capacity as Controller of the State of California and as Trustee of the private accounts held in custody in the Unclaimed Property Fund (hereafter, "Controller" or "Defendant").

## GENERAL ALLEGATIONS

**A.      Introduction**

5.      Plaintiff is an individual who resides in a suburb of the City of Munich, State of Bavaria, Germany.  He is a citizen of Germany and has never been a citizen of the United States of America or resided in its State of California.  During his employment at Amazon.de he received shares of stock as a part of his compensation package, retirement, and other benefits, which Amazon maintained for all employees at that time with Charles Schwab. The Controller has no jurisdiction over German

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 973-0764

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

citizens who reside in Germany and their private stockholdings, which are personal property and belong to a citizen who resides in another country. Germany and many foreign countries, have their own escheat laws. Further, Amazon is a Washington corporation domiciled in Seattle, Washington.  Mr. Peters had no intention of "abandoning" his personal property to a province in a foreign country like California, which is thousands of miles from where he lives. Mr. Peter's 1,029 shares of Amazon stock were seized and sold by the Controller under color of the California Unclaimed Property Law, Code of Civil Procedure sections 1300, *et seq* (hereafter, "UPL" or "Unclaimed Property Law") for roughly $1,603,807.46 by the Controller without prior constitutional and statutory notification to Mr. Peters of the seizure and sale before or after the act occurred.

**B.   Background Facts**

6.     Mr. Peters is an individual who resides in a suburb of the City of Munich, State of Bavaria, Germany.  He is a citizen of Germany and has never been a citizen of the United States nor resided in the State of California.  The Controller has no jurisdiction over German citizens who reside in Germany, their private stock holdings, which are personal property and belong to these citizens who resides in another country.  The Controller's own records revealed Plaintiff as a foreign citizen who resides in Germany.

/ / /

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

7.    Germany and many foreign countries, have their own unclaimed property or escheatment laws. Further, the Amazon corporation is incorporated in the State of Washington and domiciled in Seattle, Washington. Mr. Peters had no intention of "abandoning" his personal property to a province like California located in another country, thousands of miles from where he lives.  Yet, Mr. Peters' 1,029 shares of Amazon stock valued at current market would be worth roughly $3,359,849.64, were the shares not seized and sold without notice for roughly $1,603,807.46 by the Controller.  Although the Controller is under statutory and constitutional obligation, notice in any manner was provided to Plaintiff whatsoever whether under the laws of the State of California, the United States of America, or Germany prior to the seizure and sale occurred.

8.    This action challenges the constitutionality of the California's Unclaimed Property Law, Code of Civil Procedure sections 1300, *et seq.* (hereafter, "UPL" or "Unclaimed Property Law"), which requires that financial organizations, corporations, and other business entities holding so-called "abandoned" property transfer it to the California State Controller's Office or face heavy monetary fines and penalties.  Such property includes dormant savings accounts, uncashed payroll checks, unredeemed customer or vendor credits, unused gift cards or gift certificates, and inactive stock and bond accounts.  Aside from having no jurisdiction, California

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 973-0761

does not and cannot provide constitutional and statutory notice to foreign citizens like Plaintiff.[1]

9.    Currently, the Controller holds over $10.2 billion in "unclaimed" property.[2]  This property is owned by such purportedly "lost and unknown" entertainers, politicians athletes, and public personalities like Kobe Bryant (Property ID Nos. 962594045 and 017241610), the Speaker of the United States House of Representatives Nancy Pelosi (Property ID Nos. 015048011, 012390561, and 968473966), the former Governor of the State of California, Arnold Schwarzenegger (Property ID No. 964627703), Vladimir Putin (Property ID No. 986208586), Presidents George W.  Bush (Property ID No. 956318038) and Barack Obama (Property ID No. 969500727), and one member of the California Supreme Court, among many other "lost and unknown" people like Plaintiff.

10.    In fact, 48,000,000[3] of the State of California's 39,512,223[4] residents are listed as "lost and unknown" to the Controller, though virtually every one of these citizens is well known to the State of California for purposes of paying state

---

[1] *Mullane v. Hanover Bank & Trust Co*., 339 U.S. 306 (1950) ("*Mullane*"); *Jones v. Flowers*, 547 U.S. 220 (2006) ("*Jones*"); *Taylor v. Westly*, 402 F.3d 924 (9th Cir. 2005), reh'g and reh'g en banc den. (May 13, 2005) ("*Taylor I*"); *Taylor v. Westly*, 488 F.3d 1197 (9th Cir. 2007) ("*Taylor II*"); *Taylor v. Westly*, 525 F.3d 1288 (9th Cir. May 12, 2008) ("*Taylor III*").
[2] https://sco.ca.gov/eo_pressrel_21369.html.
[3] https://sco.ca.gov/eo_pressrel_19941.html.
[4] https://www.census.gov/quickfacts/CA.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

taxes, motor vehicle registration, property taxes, voting, census registration, or even to pay a $15.00 parking ticket and the Controller is the Chief Fiscal Officer with access to all state records and databases.  The Controller cannot locate any of these California citizens when it is time to notify them prior to the seizure of their private property under a statutory scheme that requires the owners must be "lost and unknown" to the Controller as a precondition for application of the statutory scheme and the seizure and sale of the private property.  (*See* Cal. Code Civ. Proc. § 1300 [entitled, "Definitions"].[5])

---

[5] Section 1300 states in relevant part as follows:

"For the purposes of this title, the following definitions shall apply:

(a) "Property," unless specifically qualified, includes all classes of property, real, personal and mixed.

(b) "Unclaimed property," unless specifically qualified, means all property (1) which is unclaimed, abandoned, escheated, permanently escheated, or distributed to the state, or (2) which, under any provision of law, will become unclaimed, abandoned, escheated, permanently escheated, or distributed to the state, or (3) to the possession of which the state is or will become entitled, if not claimed by the person or persons entitled thereto within the time allowed by law, whether or not there has been a judicial determination that such property is unclaimed, abandoned, escheated, permanently escheated, or distributed to the state.

(c) "Escheat," unless specifically qualified, means the vesting in the state of title to property the whereabouts of whose owner is unknown or whose owner is unknown or which a known owner has refused to accept, whether by judicial determination or by operation of law, subject to the right of claimants to appear and claim the escheated property or any portion thereof.  When used in reference to the law of another state, "escheat" includes the transfer to the state of the right to the custody of such property.

*        *        *

(e) "Controller" means the State Controller.

*        *        *

[Footnote continues to next page… .]

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

---

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

11.    The unconstitutional conduct conflicts with the "dual objectives" of the Unclaimed Property Law to be administered by Defendant which are "'…to protect unknown owners by locating them and restoring their property to them, and to give the state rather than the holders of unclaimed property the benefit of the use of it, most of which experience shows will never be claimed.'" (*Azure v I-Flow* (2009) 46 Cal. 4th 1323, 1328 ("*Azure*") (quoting *Douglas Aircraft Co. v. Cranston* (1962) 58 Cal. 2d 462, 463).)

12.    The UPL was intended to protect and to restore private property rights and was not intended to seize private property to then be sold and destroyed in order to create a revenue stream for the State of California.  Yet this private property seizure program operated by the Defendant has now become the 5th largest source of revenue for the bankrupt state.[6]  The Defendant has been told by multiple courts that the operation of the UPL in this fashion is unconstitutional.  The prior Controller appeared on national television and multiple media to explicitly state that operation of the UPL program in the manner described in this Complaint is illegal, e.g. "what we did was wrong."[7]  Thus, the irreparable harm is suffered by the very property

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

_____

(g) "Domicile," in the case of a corporation, refers to the place where the corporation is incorporated."

[6] Taylor, Mac, "Unclaimed Property: Rethinking the State's Lost & Found Program, Legislative Analyst's Office (LAO)" (February 10, 2015).

[7] ABC News "Good Morning America Show" entitled, *Not So Safe Deposit Boxes States Seize Citizens' Property to Balance Their Budget*.

[Footnote continues to next page… .]

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    owners, like Jan Peters, who the Controller is charged to protect under the primary

2    purpose of the statutory scheme and the state and federal Constitutions.

3

4    13.    Moreover, California uses a short *three*-year "dormancy" period to

5    determine whether a bank or stock account may be deemed dormant and hence

6    "abandoned." (*See* Statutory Notes, 2007 Main Volume, Cal. Code Civ. Proc. §

7    1513; *see also* Stats. 1976, c. 648, § 1 & c. 1214 § 1; Stats. 1988, c. 286 § 2; Stats.

8    1990, c. 450 (S.B. 57), § 4.)  Thus, if an account is inactive for three years – for

9    example, if a customer uses a savings or stock account as a "rainy day" fund or

10   retirement account, just as Mr. Peters did here, and makes no deposits or withdrawals

11   for three years – then the account can be listed as "abandoned" and seized and sold

12   as revenue by the Controller and her privately commissioned contract auditors.

13   When the UPL was enacted in 1959, the dormancy period was fifteen years.   In

14   1976, it was reduced to seven (7) years; in 1988 to five (5) years, and in 1990 to

15   three (3) years.[8]

16

17   / / /

18

19

20

21

22

23   _____

24   Wherein the Controller states, "What we did was dead wrong.":
      http://www.youtube.com/watch?v=ZdHLIq0qHhU

25   The Orange County Register: Open Letter from the Controller to the Public:
      "State Controller on Asset Seizures" (October 21, 2007) found at

26   https://www.ocregister.com/2007/10/21/editorial-seized-assets-earn-interest-state-
      told/

27   [8]  A later amendment extended the dormancy period back to five years only for "any

28   other written instrument on which a banking or financial organization is directly
      liable," such as a certified check. Stats. 1990, c. 1069 (S.B. 1186), § 1.

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 973-0764

14.    After property is transferred, the Controller continues to deny owners any individualized UPL statutory or constitutional notice, even though they have been deprived of their property.  Instead, the Controller operates a "searchable" Internet website that property owners may visit if they are even aware of it.  The website is housed within the Controller's main website and conveys no individualized notice whatsoever to property owners.  Further, the "searchable" website is broken and unsearchable and only contains information on the remains of private property *after* it is seized and sold without statutory or constitutional notice.[9]

15.    Under the Controller's theory, claimants like Mr. Peters in Germany "should know," as the Controller has explained to the public, to check California's broken website and then they may submit "claim forms" seeking the return of certain types of sold property online or otherwise by mail.

16.    However, it is difficult or impossible for owners to reclaim their property because (a) the Controller's public website is broken, unsearchable, and hides the identifying information from the owner, often lumping property together without any identifying names - this is especially true if the property is listed with last name first or if the name is misspelled or abbreviated or if a nickname is used (such as "Bill" for "William" or "Dave" for "David"), or if the property is listed by

---

[9] Controller's Website may be found at: http://www.sco.ca.gov/upd.html and http://scoweb.sco.ca.gov/UCP/

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

the name of the institution holding it, rather than the individual owner; (b) there is no legal claim process because the Controller failed to promulgate legal regulations as required by law and as touted on the State of California's website;[10] and (c) the Defendant fails to verify correct owner information with the other readily available California State databases (such as the Department of Motor Vehicles or voter registration lists) and could never do so for a citizen of Germany who resides outside of the borders of California and those of the United States.

17.    Further, the Controller may reject claims if, for example, she arbitrarily deems documentation inadequate based on the unpublished, verbal claim process.

18.    Moreover, with no notice of any kind (whether direct mail or publication as required by *Mullane*, *Jones*, and *Taylor I – III* (*see*, *footnote.* 1, at pg. 5, *supra*), many individuals are simply unaware that their property has been transferred to the Controller or are unaware of the procedure for seeking its return.

19.    The Plaintiff, for example, lives in Germany, and received no notice of any kind from the Controller and has no nexus with the forum state, so his property should never have been seized in the first place.  The Controller provides no publication notice in Germany as required by (*see* Cal. Code Civ. Proc. § 1531(a)-(c)), nor does the Controller search the German tax registry for the best possible

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

---

[10] *See* State of California's home webpage regarding the promulgation of published regulations publication by the Office of Administrative Law: https://oal.ca.gov/

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    address (*see* Cal. Code Civ. Proc. § 1531(d)), to the extent Defendant ever had

2

3    jurisdiction in the first place.

4        20.    Plaintiff would have no reason to suspect that a bankrupt state in a

5    foreign county would or could seize his stock to be sold as part of a foreign

6

7    government-run revenue scheme.  Accordingly, property owners are highly unlikely

8    to avail themselves of this aberrant "Unclaimed Property Law" procedure and, in

9    fact, only a very small portion of seized property is ever returned.  Additionally,

10

11   owners of unclaimed property are do not receive interest of the sales proceeds of

12   their private property, which is seized for use by the State of California.

13

14       21.    In sum, Plaintiff is entitled to recover his actual private property (as

15   opposed to damages) with interest and other substantive due process rights under the

16

17   5th and 14th Amendments to the United States Constitution.  The law requires just

18   compensation and interest at California's *alternative borrowing rate*, which is the

19   amount of interest the State avoids when it uses the illegally seized property instead

20

21   of funds borrowed on the open market.[11]  The California Supreme Court further held

22

23   _____

24   [11]  *See Webbs Fabulous Pharms. v. Beckwith*, 449 U.S. 155, 162 (1980); *United
     States v. $277,000 of United States Currency*, 69 F.3d 1491, 1495-96, (9th Cir. 1995);
25   *United States v. $133,735.30 Seized from U.S. Bancorp Brokerage Account No.
     32130630*, 139 F. 3d 729 (1998) (relying on and affirming *$277,000, supra*); *United
26   States v. $515,060.42 in United States Currency*, 152 F.3d 491, 504-05 (6th Cir.
27   1998) (same); *Brooks v. United States*, 980 F. Supp. 321, 322 (E.D. Mo. 1997)
28   (finding government liable for interest actually accrued, or if seized funds were
                                        [Footnote continues to next page… .]

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

11
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

in *Holt v. Kelly* (1978) 20 Cal. 3d 560, 562 and in *Minsky v. City of Los Angeles* (1974) 11 Cal. 3d 113, 121, that: "A claim for the specific recovery of property has never been considered a claim for money or damages."

22.    In 2016, two Justices of the U.S. Supreme Court – Justice Alito, joined by Justice Thomas – expressed constitutional concern about California's abandoned property laws to this Defendant, herself, in a separate opinion concurring in the denial of certiorari in a case presenting the question whether "California law provides property owners with constitutionally sufficient notice before escheating their financial assets."  (*Taylor v. Yee*, 136 S. Ct. 929, 929 (2016).)  The Justices explained that "[t]he Due Process Clause requires States to give adequate notice before seizing private property. When a State is required to give notice, it must do so through processes 'reasonably calculated' to reach the interested party—here, the property owner."  (*Id.*)

23.    Justices Alito and Thomas explained that because the seizure of private property is no small thing, notification procedures may not be empty rituals: "[P]rocess which is a mere gesture is not due process.' Whether the means and methods employed by a State to notify owners of a pending escheat meet the constitutional floor is an important question."  (*Id.* (citations omitted).)  The Justices

placed in Treasury account, the constructively earned interest at the government's alternative borrowing rate from the time seized until its return); *contra Suever v. Westly, 579 F.3d 1047, 1057 (9th Cir. 2009).*

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

noted that, "[i]n recent years, States have shortened the periods during which property must lie dormant before being labeled abandoned and subject to seizure." (*Id.* at 930.) They cited New York, in particular, as an example, and then observed that it recently shortened its dormancy period from as long as 15 years to merely three years. (*Id.*) "This trend—combining shortened escheat periods with minimal notification procedures—raises important due process concerns. As advances in technology make it easier and easier to identify and locate property owners, many States appear to be doing less and less to meet their constitutional obligation to provide adequate notice before escheating private property. Cash-strapped States undoubtedly have a real interest in taking advantage of truly abandoned property to shore up state budgets. But they also have an obligation to return property when its owner can be located. To do that, States must employ notification procedures designed to provide the pre-escheat notice the Constitution requires." (*Id.*) The Justices concluded that "the constitutionality of current state escheat laws is a question that may merit review in a future case." (*Id.*) The Defendant's conduct, as alleged in this case, clearly merits such review.

24. California is generally considered to have one of the most aggressive abandoned property statutes in the nation. The Council on State Taxation ("COST") graded all 50 states based on the aggressiveness of their abandoned property laws.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

California, along with Maine and New Jersey, received the COST's lowest grade: a "D."[12]

25.    The Plaintiff in this case received no notice of any kind whatsoever before his property (1,029 Amazon shares of stock) were seized by the state officials and commissioned privately compensated auditors and transferred to the Controller. Plaintiff subsequently was unsuccessful in seeking return of his property (his Amazon stock) pursuant to the post-deprivation procedures.

26.    The loss of his property in violation of his constitutional rights has caused irreparable harm to Plaintiff.    Specifically, Plaintiff alleges that the Defendant violates the Constitution and the UPL by:

(a)    Taking custody of any property (i) over which, she does not have jurisdiction or (ii) that is delivered without full satisfaction of all requirements for escheat pursuant to the UPL.  (*See* Cal. Code Civ. Proc. §§ 1300 (definitions); 1510 through 1521 (specific requirements for escheat of property); 1513.5 (actual notice required by Holder); 1520 (Holder's notice obligations); 1530 (affidavit required of Holder); 1531 (notice required by Controller).)   Plaintiff seeks an injunction prohibiting the Controller from violating and requiring the

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 973-0764

---

[12]https://www.cost.org/globalassets/cost/state-tax-resources-pdf-pages/cost-studies-articles-reports/cost-scorecard--the-best-and-worst-of-state-unclaimed-property-laws-october-2013.pdf.

14

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Controller to enforce, in full, each and every requirement of the Unclaimed Property Law. (*See Taylor v. Betty T. Yee*, 136 S. Ct. 929, *supra* (United States Supreme Court Associate Justices Samuel A. Alito, Jr. and Clarence Thomas explained to this Defendant that: "The Due Process Clause requires States to give adequate notice before seizing private property); *Azure v I-Flow* (2009) 46 Cal. 4th 1323, 1336 (The California Supreme Court explained to the Controller that: "Requiring compliance with the UPL—i.e., ensuring that the owners are in fact unknown and the property is in fact unclaimed—furthers the purpose of protecting unknown owners. Moreover, the state has no legitimate interest in receiving and using property that is not unclaimed"); *see also Bank of America v. Cory*, (1985) 164 Cal. App. 3d 66, 74 ("When considered in total context, the statutory scheme of the UPL compels the Controller to affirmatively take all steps necessary to carry out the purposes of the UPL.").)

(b)    The 43 million property owners (Plaintiff owns other stock that is threatened by this bizarre property seizure process) cannot claim their private property from the custody of the Controller because the Controller does not maintain and list the property owners' names on her "searchable website," i.e., the broken website found at:

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

https://www.seo.ca.gov/upd_lawregs.html.

Instead, the Controller maintains publicly that she has no obligation whatsoever to fix the broken website and to properly maintain ownership information, such as properly spelled names and correct addresses of the 43 million citizens, who have no way to reclaim their property from the Controller's custody.[13]

(c)    There is no legal claim process in place for the 43 million citizens to reclaim their private property and no legal process in place to guide the audits of companies for unclaimed property.  Instead, the process is verbal or contained in 300+ pages of forms, notices, bulletins, memos, and "guidelines" that are not published but only maintained solely on the Controller's government website at:

https://www.sco.ca.gov/upd_lawregs.html.

(*See Tidewater Marine Western v. Bradshaw* (1996) 14 Cal 4th 557, 568-577, wherein the California Supreme Court held that an Agency's actions are "void" for failure to adopt written regulations pursuant to

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 973-0764

---

[13] *See* ABC7 News, "Do you have money hiding in plain sight? How to find out" (April 23, 2019) found:  https://abc7news.com/education/money-hiding-in-plain-sight/5267081/?fbclid=IwAR2juAjXvWQyyVSYIhsSkMnExTL71B0KLArOO6CFrfiyyL8R6kqHfbA96hA.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

public rulemaking under the Administrative Procedures Act ("APA"), Government Code sections 11340, *et seq*. (Deerings 2021).)

(d)    The Controller does not provide constitutional notice and due process to property owners prior to seizing the private property which is sold, destroyed, and monetized for use by the California state government. The sad reality is the private Unclaimed Property Fund contains roughly $50,000 because all $10.2 billion has been loaned, interest free, to the California General Fund. The Unclaimed Property Fund consists of notational accounts that are maintained on a broken website. By the time this property is listed on the Controller's website it is, in virtually every instance, already gone, i.e. the property owner's stock is sold and destroyed. (*See Taylor v. Betty T. Yee*, 136 S. Ct. 929 (2016), *Jones v. Flowers*, 547 U.S. 220 (2006) (citing *Mullane v. Hanover Bank & Trust Co*., 339 U.S. 306 (1950), *Taylor v. Westly*, 402 F.3d 924 (9th Cir. 2005), reh'g and reh'g en banc den. (May 13, 2005) (Describing California's "new approach" to escheat) (The Ninth Circuit denied the Controller's petition for rehearing and rehearing *en banc* with the added comment that the panel circulated the petition to all the 58-judges of the Ninth Circuit and "not a single judge" wished to rehear the case); *Taylor v. Westly*, 488 F.3d 1197 (9th Cir. 2007)

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 973-0551

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(Directing the District Court to enter a preliminary injunction enjoining Defendants from accepting property under color of the UPL until Controller satisfies Due Process Clause.); *Taylor v. Westly*, 525 F.3d 1288 (9th Cir. May 12, 2008) (This decision awarded Mr. Palmer's law firm all of its interim fees for the 7 years' of work on the *Taylor* case); *Suever v. Connell*, 439 F. 3d 1142 (9th Cir. 2006) (Same).)

(e)    The Controller fails to pay interest for use of private funds by the California General Fund that are taken for use by the State when (and if) the funds are ever returned to the owner. (*See Webbs Fabulous Pharms. v. Beckwith*, 449 U.S. 155, 162 (1980).)

27.    Accordingly, Plaintiff seeks declaratory and injunctive relief against Defendant Betty T. Yee, Controller of the State of California and in her capacity as Custodian of the private Unclaimed Property Fund, to remedy the constitutional defects in the UPL.

**B.    <u>Statutory Background</u>**

28.    California's UPL departs from the historic function of abandoned property laws. Traditionally, abandoned property or "escheat" statutory schemes applied to real property and tangible personal property belonging to persons who died intestate or disappeared, where there was no descendent, relative, or other

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

valid claimant to the estate. In these situations, the property truly was abandoned and ownerless (*bona vacantia*).

29.    The UPL is very different. Instead of being limited to property owned by persons who have died intestate or disappeared, the statute applies to *any* property meeting the technical definition of "abandonment." Rather than protecting the rights of the "true owners," the statute reflects a new form of escheatment that views unclaimed property as a revenue generator for the state government.

30.    It was not until the mid-Twentieth Century that states such as California began to expand unclaimed property laws to include certain types of intangible property including, in particular, unclaimed bank deposits. State governments soon realized that unclaimed intangible property, after it was remitted to the states, was often never claimed by the owner and, thus, could represent a significant source of revenue.

31.    Starting in the late 1990's and early 2000's, the states began to dramatically increase their enforcement efforts. This surge in audit activity was in large part due to the proliferation of the use of private contract audit firms that are compensated by the states on a contingent-fee basis -- typically, 10 to 15 percent of the amount of any unclaimed property that is identified in the audit. Such a fee structure provides a profit incentive to such firms to take aggressive positions in

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

these audits.  Further, these contingent-fee audit firms are often staffed by former accountants and consultants with far greater expertise in unclaimed property matters than their client states, which led many states to defer almost entirely to the positions taken by these firms in audits.

32.    Unclaimed property audits are replete with examples of the contract audit firms essentially dictating policy to states, which lack the knowledge or expertise to know when these audit firms are overreaching.  The use of contingent fee audits (which of course creates financial incentives for larger assessments) is also inconsistent with the primary purpose of unclaimed property laws, which is to return property that is indisputably owed to another person.

33.    In short, California's UPL, along with unclaimed property laws in other states, has been trending in the wrong direction for over thirty years, because such laws have been greatly expanded in unconstitutional ways for the purpose of generating revenue for states, at the expense of both owners and putative holders of unclaimed property.

34.    The UPL does not use the traditional understanding of "abandonment" – *i.e.*, the knowing and voluntary relinquishment or renunciation of property rights. Instead, property is deemed to be "abandoned" under the UPL according to dormancy thresholds specified in the statute.  As a general rule, property is deemed "abandoned" if it is dormant for three years with no activity by the owner.  (*See*

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761

Statutory Notes, 2007 Main Volume, Cal. Code Civ. Proc. § 1513; see also Stats. 1976, c. 648, § 1 & c. 1214 § 1; Stats. 1988, c. 286 § 2; Stats. 1990, c. 450 (S.B. 57), § 4.)  When the UPL was enacted in 1959, the dormancy period was fifteen years.   In 1976, it was reduced to seven (7) years; in 1988 to five (5) years, and in 1990 to three (3) years.

35.    The UPL uses a three-year rule to determine whether a bank account is dormant, even though a typical person does not "forget" about his or her bank account after a mere three years.  Rather, such accounts are often left untouched for extended periods of time (*e.g.*, "rainy-day" accounts).  The shortening of the dormancy period in 1990 was driven more by state revenue concerns than by any correlation with the actual time that owners are likely to have forgotten about their property.

36.    In another escheat case, Judge Richard Posner of the Seventh Circuit Court of Appeals described a three-year dormancy period for determining abandonment as "a period so short as to present a serious question whether it is consistent with the requirement in the Fourteenth Amendment that property not be taken without due process of law, implying adequate notice and opportunity to contest." (*Cerajeski v. Zoeller*, 735 F.3d 577, 582 (7th Cir. 2013).)

/ / /

/ / /

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

37.     In *Taylor v. Westly,* 488 F.3d 1197 (9th Cir. 2007), the Ninth Circuit Court of Appeals held that an injunction should be issued against California's Unclaimed Property law for similar violations of the U.S. Constitution.

38.     As part of the State's relentless campaign to fill its coffers with the sale proceeds of "abandoned" property, the UPL contains strong penalties coercing holders of property, including banks and other entities, to report as much "abandoned" property as possible to the Controller.  Such entities are required, subject to severe penalties, to submit "holder reports" annually to the Controller listing all "abandoned" property they hold.  Such reports must include details on the property as well as a remittance to the Controller of the escheated property.

39.     "Abandoned" property is transferred to the Controller, which acts as custodian of the private property.  Holders of property (such as banks and utilities) may transfer cash via electronic funds transfers for amounts less than $20,000. (Cal. Code Civ. Proc. § 1532; Cal. Code. Reg. § 1155.150)

40.     Property that is not claimed by its owners is escheated to the State and spent by the California State government.

41.     The State's voracious appetite for unclaimed property is reflected in its retention, as of fiscal year ("FY") 2018, of $9.3 billion in unclaimed funds. (California State Controller's Press Release dated March 13, 2019 found at: https://www.sco.ca.gov/eo_pressrel_19941.html.)

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

42.    Banking organizations holding purportedly "abandoned" property which is less than $50 in value are not required to provide any notice at all to rightful owners before transferring it to the Controller.[14]

Telephone calls or verbal contact with an owner does not prevent property from being deemed abandoned.  Nor does internal activity such as service charges, crediting of interest and dividends, automatic dividend reinvestment, and automatic withdrawals.  (Code Civ. Proc. § 1513)

## FIRST CLAIM FOR RELIEF

### (U.S. Const., Fourteenth Amendment, Section 1 - Due Process Clause; 42 U.S.C. § 1983)

43.    The allegations set forth above are incorporated into this claim by reference as though set forth in full.

44.    The Fourteenth Amendment, Section 1, of the United States Constitution provides, in part, "nor shall any State deprive any person of life, liberty, or property, without due process of law... ."  A claim for violation of this federal right may be brought under 42 U.S.C. § 1983.

45.    The Controller, under the color of law as provided by the UPL, has violated (and continues to violate) Plaintiff's right to due process through her

_____

[14] Call Kurtis Investigates: *State Can Keep Your Unclaimed Money Under Bill Meant To Close Loophole.* http://sacramento.cbslocal.com/2013/06/06/call-kurtis-investigates-state-can-keep-your-unclaimed-money-under-bill-meant-to-close-loophole/#.UbJVXKCsoJE.email.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

PALMER LAW GROUP, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 973-0764

enforcement and administration of the UPL, by depriving him of his property without due process.

46.    Plaintiff has a constitutionally protected property interest in the private property that he owns and that was seized by the State under the processes described herein.  Defendant deprived Plaintiff and property owners of their constitutionally protected property interests by seizing their property without providing notice and due process and by arbitrarily taking property from private companies and financial institutions without requesting the rightful owner's name, even when it is readily available, when the property is worth less than $50.

47.    Unless the Controller is restrained and enjoined from continuing to enforce and administer the UPL in manner that violates Plaintiff's constitutional rights, she will continue to do so far into the foreseeable future.

48.    Plaintiff has no plain, speedy, adequate remedy at law; therefore, injunctive relief from this Court is the only means available to them to protect the rights guaranteed Plaintiff by the Fourteenth Amendment's due process clause.

## SECOND CLAIM FOR RELIEF

### (U.S. Const., Fifth Amendment - Takings Clause; 42 U.S.C. § 1983)

49.    The allegations set forth above are incorporated into this claim by reference as though set forth in full.

/ / /

50.    The Fifth Amendment to the United States Constitution provides, in part, that "[n]o person shall . . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."    The Just Compensation requirement is a self-executing constitutional command.  It is also enforceable via an action pursuant to 42 U.S.C. § 1983.

51.    The Controller, under the color of law as provided by the UPL, has violated (and continues to violate) Plaintiff's right under the Fifth Amendment through her enforcement and administration of the UPL, by taking Plaintiff's property without just compensation.

52.    The Controller's above-described unlawful takings of private property substantially impaired Plaintiff's access, use, and enjoyment of said property for no valid public use or public purpose.

53.    Unless the Controller is restrained and enjoined from continuing to enforce and administer the UPL in manner that violates Plaintiff's constitutional rights, she will continue to do so far into the foreseeable future.

54.    Plaintiff has no plain, speedy, adequate remedy at law; therefore, injunctive relief from this Court is the only means available to them to protect the rights guaranteed Plaintiff by the Fifth Amendment's takings clause.

/ / /

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     Declaratory relief declaring that Defendant's enforcement and administration of the UPL against Plaintiff violates the Fifth and Fourteenth Amendments of the United States Constitution.

2.     Injunctive relief enjoining Defendant from enforcing or administering the UPL against Plaintiff and the public.

3.     Injunctive relief requiring Defendant to return Plaintiff's property.

4.     An award of attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

5.     Such other and further relief as this Court deems just and proper.

DATED: June 17, 2021                    Respectfully submitted,

PALMER LAW GROUP, a PLC

By: _____

William W. Palmer

*Attorneys for plaintiff Jan Peters*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1

## **DEMAND FOR JURY TRIAL**

2

3         Plaintiff hereby demands a trial by jury.

4   DATED: June 17, 2021                    PALMER LAW GROUP, a PLC

5

6

7                                          By: _____ .

8                                                William W. Palmer

9                                          *Attorneys for plaintiff Jan Peters*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF