William W. Palmer, Esq. (SBN 146404)
PALMER LAW GROUP, a PLC
8033 W. Sunset Blvd., No. 880
Hollywood, California 90046
Telephone: (310) 984-5074
Facsimile: (310) 491-0919
Email: wpalmer@palmercorp.com

*Attorneys for plaintiff Jan Peters*

Rob Bonta, Esq.
Attorney General of California
Anthony R. Hakl, Esq.
Supervising Deputy Attorney General
Jerry T. Yen, Esq. (SBN 247988)
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244
Telephone: (916) 210-7836
Facsimile: (916) 324-8835
Email: jerry.yen@doj.ca.gov

*Attorneys for defendant Malia M. Cohen, in her official capacity as California State Controller*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN PETERS,<br><br>    Plaintiff,<br><br>    vs.<br><br>MALIA M. COHEN, in her official capacity as Controller of the State of California,<br><br>    Defendant. | Case No.: 2:22-cv-00266-JAM-DB<br><br>**AMENDED STIPULATION AND ORDER AMENDING CASE SCHEDULE**<br><br>(Hon. Judge John A. Mendez)<br><br>Action Filed: June 17, 2021 |

Plaintiff Jan Peters ("Plaintiff" or "Mr. Peters") and defendant Hon. Controller Malia M. Cohen ("Defendant" or "Controller"), in her official capacity as Controller of the State of California, by and through their counsel of record whose signatures appear below, jointly submit the following Stipulation to continue certain of the pre-trial dates and deadlines set by the Court in its Scheduling Order dated September 6, 2022 (filed September 8, 2022 – DKT No. 51). Counsel for the parties are working very professionally together and met and conferred to discuss the following issues on March 23, 2023, and again on March 27, 2022. The Stipulation is made pursuant to Federal Rules of Civil Procedure Rules 6(b) and 16(b)(4) and Eastern District Civil Local Rule 144.

## I. SYNOPSIS OF CASE

Plaintiff is an individual who is a citizen of Germany and has never been a citizen of the United States of America or resided in its State of California. During his employment at Amazon.de (Amazon Europe) he received shares of Amazon stock as a part of his compensation package, retirement, and other benefits, which Amazon maintained for all employees at that time through a stockbroker that it selected called Charles Schwab Corporation. Those shares were eventually transferred by Charles Schwab to the Controller's Office as unclaimed property.

Mr. Peters alleges that he had no intention of "abandoning" his 1,029 shares of Amazon stock, which, Plaintiff contends, were seized and sold by the Controller without notice or due process under color of the California Unclaimed Property Law, Code of Civil Procedure sections 1300, *et seq* (hereafter, "UPL" or "Unclaimed Property Law"). To the extent that Amazon.de or its agent Charles Schwab violated the UPL through any unauthorized stock transfer, then Plaintiff will assert that it is the Controller's duty to police and to enforce the Unclaimed Property Law. Defendant disagrees.

DISCOVERY

Plaintiff and Defendant have served discovery on one another. Defendant's response to discovery served by Plaintiff is pending. The parties are in the midst of setting depositions. Discovery is ongoing and the parties wish to continue discovery until after the hearing on a dispositive motion. Defendant is considering a countermotion.

PENDING MOTIONS

Plaintiff has met and conferred and advised Defendant that a Motion for Temporary Restraining Order (TRO) and Preliminary Injunction will be heard on or after May 9, 2023, as directed by the Court. The parties have discussed the issues of this case and believe that dispositive motions will narrow or eliminate the need for further discovery altogether. The parties are currently conferring on a mutually agreeable date in May or June 2023 for a hearing on dispositive motions.

## II. STIPULATION OF PARTIES TO CONTINUE THE PRE-TRIAL DATES BASED ON GOOD CAUSE

The parties stipulate and agree to a short continuance of the pre-trial dates by ninety (90) days for the following reasons: (1) Plaintiff's counsel recently experienced the loss of his mother, and has been addressing the final wishes of his mother and working closely with his immediate family, which has taken time away from his firm; (2) Defendant's counsel will begin a state court trial tentatively set to begin on April 11, 2023; (3) the continuance will allow the parties time to adjust their respective strategies, complete Discovery, and allow the parties sufficient time to file their dispositive motions and for a hearing on the dispositive motions before engaging in further discovery; and (4) the parties require more time to depose expert witnesses, prepare expert witness reports and evaluate what further discovery it needs to conduct. The May 1, 2023 discovery cut-off deadline is fast approaching, and the parties have not had the opportunity to evaluate further

discovery it needs to conduct. The parties have been complying with the current dates and deadlines set forth in the Court's case schedule. To date, none of the cut-off dates have passed. A short continuance of the dates and deadlines would serve to avoid any potential fees and costs, as well as waste of judicial resources and time. To this end, the parties stipulate and propose a 90-day continuance of the dates as follows:

| Event | Current Date | Proposed New Date |
|---|---|---|
| Disclosure of Expert(s) Deadline | February 15, 2023 | **June 9, 2023** |
| Supplemental Disclosure Deadline | March 15, 2023 | **June 23, 2023** |
| Joint Mid-Litigation Statements | April 17, 2023 | **July 17, 2023** |
| Discovery Cutoff Date | May 1, 2023 | **August 4, 2023** |
| Dispositive Motion Filing Deadline | June 2, 2023 | **September 29, 2023** |
| Dispositive Motion Hearing | August 9, 2023 (1:30 PM PDT) | **November 28, 2023, at 1:30 PM PDT** |
| Joint Mid-Litigation Statement Filing Deadline | April 17, 2023 | **Fourteen (14) days prior to the close of discovery** |
| Final Pretrial Conference | September 15, 2023 (10:00 AM PDT) | **January 26, 2024, at 11:00 AM PDT** |
| Jury/Bench Trial | October 23, 2023 (9:00 AM PDT) | **March 18, 2024, at 9:00 AM PDT** |

Federal Rules of Civil Procedure 6(b), 16(a) and 16(b)(4) give the Court broad discretion to regulate pre-trial matters, to manage its calendar, grant continuance of scheduling dates, and to direct the parties in a manner that expedites disposition of the action and facilitates settlement. As set forth herein, good cause exists for the Court to grant this continuance.

///

3
AMENDED STIPULATION AND ORDER AMENDING CASE SCHEDULE

Dated: April 6, 2023         Respectfully submitted,

/s/ William W. Palmer
WILLIAM W. PALMER

**PALMER LAW GROUP, a PLC**

*Attorneys for plaintiff Jan Peters*


/s/ Jerry T. Yen
JERRY T. YEN
Deputy Attorney General

**OFFICE OF THE CALIFORNIA ATTORNEY GENERAL**

*Attorneys for defendant Malia M. Cohen, in her official capacity as California State Controller*

**ORDER**

Based on the foregoing Stipulation and good cause appearing therefore, IT IS HEREBY ORDERED that the Case Schedule be, and the same hereby is, revised as set forth above in the Stipulation.

IT IS SO ORDERED

Dated: April 06, 2023

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE