UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN PETERS,<br><br>           Plaintiff,<br><br>    v.<br><br>MALIA M. COHEN, in her official capacity as Controller of the State of California,<br><br>          Defendant. | No.  2:22-cv-00266-JAM-DB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on the parties' cross-motions for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure.  Plaintiff Jan Peters ("Plaintiff") filed his motion for summary judgment on October 3, 2023, Plf.'s Mot. for Summary Judgment, ECF No. 63, and Defendant Malia Cohen, sued in her official capacity as the California State Controller, ("Defendant") filed her cross-motion ten days later, Def.'s Mot. for Summary Judgment, ECF No. 64.  For the reasons stated below, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment.[1]

---

[1]This motion is determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).

1

1              I.   BACKGROUND AND UNDISPUTED FACTS

2          Plaintiff is a citizen of Germany and has never resided in

3  California.  Plf.'s Statement of Undisputed Facts ("SUF") No. 1,

4  ECF No. 63-3.  From 2000 to 2010, Plaintiff worked for Amazon.de,

5  a subsidiary of Amazon.com, Inc., in Munich, Germany.  Def.'s SUF

6  No. 1, ECF No. 64-2.  As an employee of Amazon.de, Plaintiff

7  received shares in Amazon.com, Inc. (the "Shares"), which were

8  held in an account managed by Charles Schwab & Co., Inc.

9  ("Charles Schwab") Def.'s SUF No. 2.  Charles Schwab filed a

10  "Holder Notice Report" and "Holder Remit Report" to the State

11  Controller's Office after deeming Plaintiff's stock as unclaimed

12  property under California's Unclaimed Property Law ("UPL"), Cal.

13  Civ. Proc. Code § 1500, *et seq*.  Def.'s SUF Nos. 7, 11.  Charles

14  Schwab ultimately transferred the Shares to the State

15  Controller's Office, Def.'s SUF No. 11, who then sold the Shares

16  as required under the UPL, Def.'s SUF No. 13.  After the Shares

17  were sold, Plaintiff filed a claim with the State Controller's

18  Office to recover the proceeds from the sale.  Def.'s SUF No. 14.

19  The Controller's Office reviewed Plaintiff's claim and wired

20  Plaintiff the proceeds, less wire transfer fees.  Def.'s SUF No.

21  14.

22          Dissatisfied with the amount of the proceeds he received,

23  Plaintiff filed his complaint in this action asserting two causes

24  of action under 42 U.S.C. section 1983.  Compl., ECF No. 1.

25  Plaintiff seeks an injunction enjoining the future enforcement of

26  the UPL, declaratory relief that Plaintiff's Fifth and Fourteenth

27  Amendment rights were violated, and attorney's fees and costs

28  under 42 U.S.C. section 1988.  Prayer for Relief, Compl. at 27.

Plaintiff also seeks an injunction ordering Defendant to return the Shares.  Id.  However, because the Shares have already been sold, Plaintiff actually seeks the difference between the current value of the Shares and the sale price.  Plf.'s Opp'n to Def.'s Mot. for Summary Judgment ("Plf.'s Opp'n"), ECF No. 67 at 8, 20-21; Exh. 14 to Def.'s Mot. for Summary Judgment, ECF No. 64-4 at 141-42.  Plaintiff contends the Shares are currently more valuable than when they were sold.  See Plf.'s Opp'n at 8, 20-21; Exh. 14 to Def.'s Mot. for Summary Judgment.

Plaintiff filed an opposition to Defendant's cross-motion, Plf.'s Opp'n, ECF No. 67, and Defendant filed a reply.  Reply, ECF No. 70.  However, Plaintiff did not file a response to Defendant's statement of undisputed facts as required under this Court's Local Rule 260(b).  See generally Plf.'s Opp'n. Rather than deem all Defendant's facts undisputed, the Court has determined whether any of Plaintiff's facts sufficiently dispute Defendant's facts and any facts insufficiently disputed have been deemed admitted.  Beard v. Banks, 548 U.S. 521, 527 (2006); Fed. R. Civ. P. 56(e).

After this action was filed, Malia Cohen succeeded Betty Yee as California's State Controller.  Ms. Cohen has thus replaced Ms. Yee as the defendant in this action under Rule 25 of the Federal Rules of the Civil Procedure.  Def.'s Mot. for Summary Judgment at 1 n.1.

///

///

///

///

3

1                            II.   OPINION

2          A.   Legal Standard

3          A Court must grant a party's motion for summary judgment

4    "if the movant shows that there is no genuine dispute as to any

5    material fact and the movant is entitled to a judgment as a

6    matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the

7    initial burden of "informing the district court of the basis for

8    its motion, and identifying [the documents] which it believes

9    demonstrate the absence of a genuine issue of a material fact."

10   Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986).  A fact is

11   material if it "might affect the outcome of the suit under the

12   governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

13   248 (1986).  Once the movant makes this initial showing, the

14   burden rests upon the nonmoving party to "set forth specific

15   facts showing that there is a genuine issue for trial."  Id.  An

16   issue of fact is genuine if "the evidence is such that a

17   reasonable jury could return a verdict for the nonmoving party."

18   Id.  All reasonable inferences are drawn in favor of the non-

19   moving party.  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387

20   (9th Cir. 2010) (citing Anderson, 477 U.S. at 255).

21         When parties file cross-motions for summary judgment, the

22   Court must consider each motion on its own merits and "the

23   appropriate evidentiary material identified and submitted in

24   support of both motions, and in opposition to both motions,

25   before ruling on each of them."  Fair Hous. Council of Riverside

26   Cnty., Inc. v. Riverside Two, 249 F.3d 1132, 1134-36 (9th Cir.

27   2001).

28   ///

                                    4

1     B.   Analysis

2          1.  California's Unclaimed Property Law

3     "[T]he purpose of the UPL is to locate owners of apparently

4 lost or abandoned property and restore their property to them;

5 but if these efforts are unsuccessful, to give the benefit of

6 any unclaimed property to California, rather than to financial

7 institutions or other private entities holding the property

8 ('holders')." Taylor v. Yee (Taylor V), 780 F.3d 928, 931 (9th

9 Cir. 2015). Holders must transfer property that meets the UPL's

10 definition of unclaimed property to the State, which is known as

11 escheatment.  See UPL §§ 1510 et seq.

12     Before and after escheatment, the UPL requires multiple

13 forms of notice be given to the owners of unclaimed property to

14 comply with due process.  See id.  If the owner does not timely

15 respond and establish his right to the property, the property is

16 deemed unclaimed and escheats to the State.  Id. §§ 1530,

17 1532(a)-(b). Under UPL section 1563(b), the Controller must

18 liquidate unclaimed, escheated securities that are listed on a

19 stock exchange at the prevailing prices on that exchange.  Id.

20 § 1563(b).

21     Escheated property, including the proceeds from the sale of

22 securities, does not "permanently escheat to the state."  Id.

23 § 1501.5(a).  Instead, the Controller holds the unclaimed

24 property, including the proceeds from a sale, in trust for the

25 owner.  Those who "claim[ ] to have been the owner . . . of

26 property paid or delivered to the Controller under this chapter

27 may file a claim to the property or to the net proceeds from its

28 sale."  Id. § 1540(a).

5

1    Since the UPL was amended in 2007, the Ninth Circuit has

2    repeatedly found the UPL's notice procedures facially

3    constitutional.  Taylor v. Westly, 525 F.3d 1288, 1289 (9th Cir.

4    2008); Taylor V, 780 F.3d at 934-35 (citing Suever v. Connell

5    (Suever II), 579 F.3d 1047, 1054 n.4 (9th Cir. 2009)).  Plaintiff

6    concedes and instead brings an as-applied challenge.  Plf.'s

7    Opp'n at 11.

8    Although Plaintiff argues the UPL does not apply to German

9    citizens, e.g., Plf.'s Mot. for Summary Judgment at 2; Plf.'s

10   Opp'n at 8, a foreign national's unclaimed property may escheat

11   to the State if the holder of that property is domiciled in

12   California.  UPL § 1510(d).  Therefore, Plaintiff's argument that

13   the Controller lacks jurisdiction over a foreign citizen's

14   property is legally unsupported.

15          2. Plaintiff's Motion for Summary Judgment, ECF No. 63

16   Many material facts in support of Plaintiff's motion for

17   summary judgment are disputed or unsupported by the evidence,

18   including but not limited to whether the holder of the Shares is

19   domiciled in California, whether Defendant failed to give

20   Plaintiff notice as prescribed by the UPL, and whether

21   Defendant's agent modified Plaintiff's address in the holder's

22   records.  E.g., Def.'s Response to Plf.'s SUF Nos. 2, 5, 11, 16,

23   22, 23, 27, 34, 35.  Plaintiff also fails to meet his burden

24   demonstrating that escheatment of the Shares violates Federal or

25   state securities laws.  See Plf.'s P. & A., ECF No. 63-1 at 30-

26   31.  Given these genuine disputes of material fact and burden of

27   proof failures, Plaintiff's motion for summary judgment is

28   denied.

1      3.  <u>Defendant's Motion for Summary Judgment, ECF No. 64</u>

2      Defendant moves for summary judgment on standing and

3  Eleventh Amendment grounds.  Def.'s P. & A. ("Mot."), ECF No.

4  64-1 at 5, 7.

5          a.  <u>Standing</u>

6      Defendant argues Plaintiff lacks standing to maintain this

7  action because Plaintiff received the proceeds from the sale of

8  the Shares.  Def.'s Mot. at 11; Def.'s SUF No. 14.

9      Plaintiff must satisfy three elements to establish

10  standing: (1) he suffered an "injury in fact" that is concrete,

11  particularized, actual, and imminent—not hypothetical; (2) there

12  exists a "causal connection between the injury and conduct

13  complained of;" and (3) "it must be likely, as opposed to merely

14  speculative, that the injury will be redressed by a favorable

15  decision." <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560-61

16  (1992) (internal quotations omitted).

17      Plaintiff asserts he suffered an injury in fact when the

18  Shares were unconstitutionally transferred to, and liquidated

19  by, the State Controller's Office.  The amount Plaintiff

20  received from the liquidation is purportedly less than the

21  current market price of the Shares.  Plf.'s Opp'n at 8, 20-21;

22  Exh. 14 to Def.'s Mot. for Summary Judgment at 141-42.  Thus,

23  Plaintiff seeks to recover the appreciation he was not paid.

24  That Plaintiff was paid the proceeds from the sale only partly

25  redresses the harm sustained.  The Court therefore finds

26  Plaintiff has standing to maintain this action.

27      Plaintiff also seeks an injunction enjoining the future

28  enforcement and administration of the UPL.  Prayer for Relief,

Compl. at 27.  However, Plaintiff has not identified that any other property has been, or will imminently be, escheated to the State.  Def.'s SUF No. 16; Def.'s Response to Plf.'s SUF No. 10, ECF No. 64-3.  Rather, Plaintiff is merely concerned about the possibility that other property may be treated as his Shares were.  Exh. 2 to Def.'s Mot. for Summary Judgment at 27-28.  The mere potential for future escheatment of unidentified property is hypothetical and speculative.  Plaintiff has not demonstrated that he has suffered, or will imminently suffer, an actual injury in which an injunction enjoining the future enforcement of the UPL would likely redress.  The injury Plaintiff suffered— the loss in appreciation due to the forced liquidation of the Shares—is insufficient to enjoin the future enforcement of the UPL.  Therefore, the Court finds Plaintiff lacks standing to seek this remedy.

In sum, the Court finds Plaintiff has standing to seek the difference between the current value of the Shares and the proceeds from the sale of the Shares but lacks standing to enjoin Defendant from prospectively enforcing the UPL.  Whether Plaintiff may recover the Shares' post-liquidation gain is a separate legal issue addressed by the Court in the next section.

### b.   Eleventh Amendment Immunity

Defendant argues she is entitled to judgment as a matter of law because she is immune from suit under the Eleventh Amendment. Def.'s Mot. at 14-16.  Plaintiff asserts several reasons why the Eleventh Amendment does not bar this action, but each is unpersuasive, unsupported by legal authority, or has already been rejected by the Ninth Circuit.

1    Under the Eleventh Amendment, a plaintiff cannot assert a
2    claim under 42 U.S.C. section 1983 against a state or a state
3    official sued in her official capacity absent a state's waiver.
4    U.S. Const. amend. XI; <u>Will v. Michigan Dep't of State Police</u>,
5    491 U.S. 58, 71 (1989); <u>Doe v. Lawrence Livermore Nat. Lab'y</u>, 131
6    F.3d 836, 839 (9th Cir. 1997); <u>Edelman v. Jordan</u>, 415 U.S. 651,
7    662-63 (1974).  Plaintiff does not contend California consented
8    to suit or otherwise waived its sovereign immunity.  <u>See</u>
9    <u>generally</u> Plf.'s Opp'n. Here, Defendant is sued in her official
10   capacity as the State Controller of California.  Compl. ¶ 4.
11   Therefore, this action is barred by the Eleventh Amendment unless
12   an exception applies.

13   Plaintiff correctly notes that the Eleventh Amendment does
14   not bar actions to recover one's own property from a state if
15   (1) the public official acted beyond their statutory authority
16   (*ultra vires*) or (2) when the action leading to government
17   possession was unconstitutional.  <u>Malone v. Bowdoin</u>, 369 U.S.
18   643, 647-48 (1962); <u>Taylor v. Westly</u> (<u>Taylor I</u>), 402 F.3d 924,
19   934-35 (9th Cir. 2005)); <u>see also</u> <u>United States v. Lee</u>, 106 U.S.
20   196 (1882).  But in this context, where escheated property is
21   sold, Plaintiff cannot recover more than the proceeds from the
22   sale because it is indistinguishable from, and treated as, an
23   award of damages against the State—which is barred by the
24   Eleventh Amendment.  <u>Suever II</u>, 579 F.3d at 1058-59; <u>Edelman</u>, 415
25   U.S. at 668; <u>Seven Up Pete Venture v. Schweitzer</u>, 523 F.3d 948,
26   956 (9th Cir. 2008), *cert. denied,* 555 U.S. 885 (2008) (Fifth
27   Amendment).  In other words, while <u>Lee</u> and <u>Malone</u> allow a
28   plaintiff to sue a state to recover one's own property, they do

9

1   not permit a plaintiff to recover anything greater than the

2   proceeds from a stock sale even if the state official's conduct

3   was unconstitutional or *ultra vires*.  <u>Suever II</u>, 579 F.3d at

4   1058-59.

5        Under the <u>Ex Parte Young</u> exception, a plaintiff may sue a

6   state official in their official capacity to obtain prospective

7   injunctive relief.  <u>Ex Parte Young</u>, 209 U.S. 123, 159-160 (1908);

8   <u>Taylor I</u>, 402 F.3d 924; <u>Will</u>, 491 U.S. at 71 n.10; <u>Kentucky v.</u>

9   <u>Graham</u>, 473 U.S. 159, 167 n.14 (1985).  A claim for damages,

10  however, remains barred by the Eleventh Amendment.  <u>Id.</u> at 167

11  n.14.  Plaintiff seeks an injunction ordering the return of the

12  difference between the proceeds from the sale of the Shares and

13  the current value of the Shares.  Prayer for Relief, Compl. at

14  27; Plf.'s Opp'n at 8, 20-21; Exh. 14 to Def.'s Mot. for Summary

15  Judgment at 141-42.  While this may appear prospective in nature,

16  the practical effect is no different than an award of damages and

17  is thus treated accordingly.  <u>Suever II</u>, 579 F.3d at 1059; <u>see</u>

18  <u>also</u> <u>Edelman</u>, 415 U.S. at 662-63; <u>Schweitzer</u>, 523 F.3d at 956.

19  Therefore, Plaintiff's claims do not fall within the <u>Ex Parte</u>

20  <u>Young</u> exception.  <u>Taylor I</u>, 402 F.3d at 935; <u>Schweitzer</u>, 523 F.3d

21  at 956; <u>Graham</u>, 473 U.S. at 165.  The same is true of Plaintiff's

22  request for declaratory relief.  <u>Taylor I</u>, 402 F.3d at 935

23  (holding a request for declaratory relief that property was

24  unconstitutionally taken does not fall within the <u>Ex Parte Young</u>

25  exception).

26        Lastly, Plaintiff's argument that the Eleventh Amendment is

27  no bar to this action because the Unclaimed Property Fund is

28  comprised of private money, rather than funds of the State,

1  Plf.'s Opp'n at 27-28, has already been rejected by the Ninth

2  Circuit.  <u>Suever II</u>, 579 F.3d at 1060 (holding that Plaintiff

3  cannot recover more than the proceeds from the liquidation even

4  though the Unclaimed Property Fund is not comprised of state

5  funds).

6      In sum, because Plaintiff has already received the proceeds

7  from the sale of the Shares, the Eleventh Amendment bars any

8  further relief to remedy the harm Plaintiff may have sustained in

9  connection with the transfer and liquidation of the Shares.

10                          III.   ORDER

11     For the reasons set forth above, the Court DENIES

12  Plaintiff's motion for summary judgment and GRANTS Defendant's

13  motion for summary judgment.

14     IT IS SO ORDERED.

15  Dated: February 14, 2024

16

17                                    _____

18                                    JOHN A. MENDEZ
                                      SENIOR UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28